MODEL LAUNDRY COMPANY, Appellee, v. E. F. BARNETT et al., Appellants.

COURTS: Municipal Courts—Pleadings—Original Notice—Sufficiency. The Municipal Court Act does not require written petitions in Class B actions, to wit, those wherein the amount in controversy is $100 or less. Sec. 694-c21, Code Supplemental Supp., 1915. Of necessity, it follows that that part of Sec. 694-c22, Code Supplemental Supp., 1915, requiring the original notice of suit to state "the date * * * the petition will be filed," has no reference to said Class B actions.

*Appeal from Des Moines Municipal Court.*—J. E. MERSHON, Judge.

TUESDAY, MAY 22, 1917.

The opinion sufficiently states the case.—*Affirmed.*

*E. P. Hudson,* for appellants.

*Paul Hewitt,* for appellee.

WEAVER, J.—On April 17, 1916, the ap-
pellee procured service upon the defendants
of an original notice reading as follows:
"In the Municipal Court of the City of
Des Moines, Polk County, Iowa. Model
Laundry, Plaintiff, v. E. F. Barnett and Mrs. E. F. Barnett,
Defendants. Original Notice Class 'B' Case.

COURTS: municipal courts: pleadings: original notice: sufficiency.

"To the above named defendants: You are hereby no-
tified that the plaintiff above named claims of you the sum
of $44.89 as justly due from you, with 6 per cent interest
thereon from the 17th day of April, 1916, also legal attor-
ney's fee, on account of work and labor furnished at your
instance and request on laundry furnished by said defend-
ant, E. F. Barnett, and that unless you appear in said
court on the 25th day of April, 1916, at 9 o'clock in the fore-
noon of that day, and make defense to said claim, judgment
will be rendered against you for that amount.

"Dated at Des Moines, Iowa, April 17, 1916.

"Paul Hewitt, Attorney for Plaintiff."

No formal petition was filed in the case; but, on April
24th, one day before the return day named in the notice,
plaintiff, in compliance with a rule of the court, filed the
notice with proof of service, together with an informal state-
ment of a claim against defendants for laundry work alleged
to have been done by it for the defendants, as shown by an
accompanying itemized bill. Defendants made no appear-
ance to the action, and, on May 15, 1916, they were called
and defaulted, and, upon the showing made by plaintiff, a
judgment was entered in its favor against them. On May
17, 1916, defendants entered a special appearance, for the
purpose of questioning the jurisdiction of the court to en-
ter said judgment, and moved to vacate it and to set aside
the default, on grounds the substance of which is as fol-
lows:

First, because the original notice wholly omits to state the time on or before which the petition of the plaintiff will be filed in the office of the clerk of said court; and

Second, because, although the notice by its terms is made returnable on April 25, 1916, no petition or statement of claim was filed by the plaintiff until April 24, 1916, less than five days preceding the designated return day.

The motion was denied, and from this ruling, the defendants have appealed.

The one controlling question raised by this appeal, the jurisdiction of the trial court to enter the judgment complained of, depends entirely upon the construction to be given certain provisions of the statute under and by authority of which the municipal court of the city of Des Moines is organized. As the statute is of recent enactment and the municipal court but newly organized, no precedent in point is to be found in our decisions. A careful reading of the statute, however, will not, in our opinion, leave any material doubt as to the legislative intent thereby expressed. The ultimate purpose of the enactment appears to have been, first, to relieve the district court of the burden of many cases of minor importance, and second, to furnish a substitute for justices' courts in our most populous counties, where that ancient system has proved ill adapted to modern public needs. See Municipal Court Act, Section 694-c19 et seq., Code Supplemental Supplement, 1915. That it was equally the legislative purpose to preserve in the new court, so far as it superseded courts of the justices of the peace, a large measure of the informal and nontechnical procedure which for generations has characterized that tribunal, is very manifest from the following provisions, which we quote at large:

"Sec. 694-c19. Causes of action in the municipal court shall be divided in the following classes:

"Class 'A' shall include all equitable actions and all

ordinary actions, when the amount in controversy exceeds one hundred dollars, and all special actions of which this court has jurisdiction.

"Class 'B' shall include all ordinary actions when the amount in controversy is one hundred dollars or less.

"Class 'C' shall include the trial of all public offenses of which this court has jurisdiction other than for the violation of the city ordinances.

"Class 'D' shall include all criminal actions for the violation of city ordinances.

"Sec. 694-c21.    All pleadings in Class 'A' cases shall be in writing and in substantially the same form as in the district court, and the petition must be filed with the clerk of the municipal court not less than five days before the date set in the original notice for the appearance of the defendant.    The time for filing all subsequent pleadings shall be the same as in the district court unless a different time is prescribed by the judge or judges of the municipal court in the rules thereof.    The pleadings in Class 'B' cases shall be the same as is now or may hereafter be provided for the trial of civil cases in justice of the peace courts, except as otherwise provided for herein.

"Sec. 694-c22.    Civil actions in municipal court are commenced by voluntary appearance or by written notice.    If by notice, the same shall be addressed to the defendant or defendants by name, but if his name is unknown, a description of him will be sufficient.    It must be subscribed by the plaintiff or his attorney.    The notice must state the amount for which the plaintiff will take judgment if the defendant does not appear and answer at the time and place stated in the original notice, which shall be not less than five nor more than fifteen days after the service thereof.    It must further state the date on or before which the petition will be filed with the clerk of the municipal court, and unless the petition is filed with the clerk of the municipal court

on or before such date, which shall be at least five days before the return day, the defendant or defendants shall not be held to appear and answer."

Section 694-c28 also provides that, in cases of Class A, witness fees shall be taxed as in the district court; but in cases of Class B, they are to be taxed as in courts of justices of the peace.

It is conceded by the parties that the action in this case falls within the B' class.

The proposition of the appellant is that, as Section 694-c22 provides for the commencement of actions in the municipal court by service of an original notice, and the notice must state the date on or before which the petition will be filed, and unless so filed, at least five days before the return day, the defendant shall not be required to appear or answer, and as this section makes no mention of any distinction in this respect, between actions of Class A and those of Class B, but is general in its terms, the requirement is equally imperative in both classes.

If we were to construe or interpret this section without reference to other provisions of the statute, the conclusion reached by counsel would be inevitable. But, upon familiar principles, it is the duty of the court to so read and interpret a statute as to give life and effect to all its provisions, unless there be found in its terms such clear and invincible repugnancy that some or all of them must be held void. To give this particular section the sweeping effect claimed for it on behalf of the appellant is to take away or hold meaningless the distinction which Section 694-c21 makes between proceedings in Class A and Class B. As will be seen from the language of the act already quoted, in all Class A actions, the pleadings must, as to form and time of filing, be such as are required in the district court. In that court, oral pleadings are unknown, and each assertion of claim, counterclaim or defense must be made in

writing and filed within the prescribed time limit. In courts
of justices of the peace, unless the case be of some special
kind in which the petition or other pleading is expressly re-
quired to be in writing, written pleadings are the excep-
tion, and not the rule. The original notice ordinarily is
sufficient to inform the defendant of the nature of the claim
made against him, and in practical effect answers the pur-
pose of a petition. If more is needed, the plaintiff on the
return day makes to the justice a brief and informal state-
ment of his claim, or presents an itemized account or prom-
issory note or such other documentary evidence, if any, as
he may rely upon as a basis of recovery, and the defendant,
if he appears, responds with like absence of technical form
or nicety of pleading. It follows of necessity that, if the
clearly expressed idea of Section 694-c21 is not to be ig-
nored, and "pleadings in Class B cases" are to be "the same
as is now or may hereafter be provided for the trial of civil
cases in justice of the peace courts," then oral pleadings,
which are confessedly allowable under the system of prac-
tice prevailing in justices' courts, are equally allowable in
Class B cases in the municipal court. Such being the case,
it is the reasonable and necessary conclusion that the leg-
islature did not intend in the very next section to obliterate
the distinction it had just made between the two classes of
cases. If Section 694-c22 were to be given the effect con-
tended for by defendant, it would seem to be a marked de-
parture from the spirit of the other provisions concerning
cases of the B class, which, as we have seen, give clear evi-
dence of a purpose to preserve in the municipal court, so far
as these cases are concerned, the distinction which the jus-
tice court had enjoyed of being the court of the common
people, where controversies coming within its jurisdiction
could be heard and disposed of in a comparatively brief
and summary way, without the delays and free from the
pitfalls which beset more formal litigation. The sole trou-

ble in this case is found in the fact that Section 694-c22, after providing that actions may be begun by voluntary appearance of the parties, or by service of original notice stating the general nature of the plaintiff's claim and the time when the defendant is required to appear and defend, proceeds to say, in the language on which appellant relies, that the notice must state the date on or before which the petition will be filed, and that failure to file the petition within the time named, and not less than five days before the return day, relieves the defendant from any obligation to appear or answer. It is true that the language of the section is general, and no express mention is there made of the several classes previously provided for; but, reading the two sections together, and keeping in mind the classification made in the first, by which, in cases of the B class, *no* formal written petition is required, while in the A class, under the rules of pleading and practice borrowed from the district court, a petition *is* necessary, the conclusion is not only natural but unavoidable that the requirement in the next section, that the original notice must state the date on or before which the petition will be filed, and that such date must be not less than five days before the return day, has reference only to cases of the A class and other cases in which the statute expressly requires such pleading, as, for example, in attachment and replevin cases. Such seems to have been the practical construction put upon the statute by the municipal courts, and their code of rules has been framed accordingly. Such construction is, of course, not controlling upon this court; but, in the absence of any authoritative precedent, the interpretation which has been given a statute by the officers and constituted authorities charged with its execution and administration, is always to be considered when the question arises for final judicial settlement.

In addition to what he considers to be the necessary effect of the language which we have quoted from Section 694-c22, Code Supplemental Supplement, 1915, the argument by counsel for appellant suggests only that the construction placed upon it by the trial court renders it possible for a plaintiff or claimant to abuse the jurisdiction and process of the municipal court by serving an original notice with no real intent to prosecute the case if a defense be offered, and that a defendant so served with notice may be put to the trouble and expense of appearing on the return day, only to find that the notice and proof of service have never been filed; that the plaintiff makes no appearance to prosecute his claim; and that the case has never been docketed. That such disreputable practice is possible may be admitted, but it is likewise possible in some degree under any system of practice and procedure where a party in person or by counsel may institute an action in court by a simple notice. If such abuses develop, they may be largely obviated by an appropriate amendment to the statute, or by rules of court.

For reasons stated, it is our opinion that the trial court correctly construed and applied the law, and the ruling appealed from is therefore—*Affirmed.*

GAYNOR, C. J., PRESTON and STEVENS, JJ., concur.